WESTHEIMER et al. v. MUSLINER et al.

(Supreme Court, Appellate Division, First Department. December 8, 1899.)

REPLEVIN—COMPLAINT—SEPARATE CAUSES OF ACTION.

 A complaint seeking to recover personal property wrongfully obtained, part from plaintiff, and part from each of several persons who have assigned to plaintiff their respective claims, is within Code Civ. Proc. § 483, providing that, where the complaint sets forth two or more causes of action, the statement of facts constituting such causes of action must be separate, compliance with which defendant is entitled to.

Appeal from special term, New York county.

Action by Abraham Westheimer and others against Moses Musliner and others. From an order denying a motion to compel plaintiffs to separately number and state the causes of action alleged in the complaint, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Emanuel J. Myers, for appellants.
Martin Paskusz, for respondents.

McLAUGHLIN, J. This action is brought to recover possession of personal property alleged to have been wrongfully obtained from the plaintiffs and their assignors. The complaint alleges that the firm of Colucci & Granieri, being insolvent, and not intending to pay therefor, obtained from the plaintiffs certain personal property, which they wrongfully and fraudulently transferred to one Joseph Meyer, by whom the same was transferred to the defendants; that the transfers by Colucci & Granieri to Meyer, and by Meyer to the defendants, were made without consideration, and with intent to

hinder, delay, and defraud creditors; that the defendants wrongfully and unlawfully, notwithstanding a demand has been made therefor by the plaintiffs, retain possession of said property. The complaint also alleges that the firm of Colucci & Granieri obtained certain personal property, without intending to pay therefor, from each of the following persons or firms: Albert Bogert, Otto J. Solomon, Shattuck & Binger, Conrad Tanning Co., Baxter, Schenkelberger & Co., and S. H. Frank & Co.,—which property they wrongfully and fraudulently transferred to Meyer, and he transferred the same to the defendants; that the transfer by Colucci & Granieri to Meyer, and by Meyer to the defendants, was in each case made without consideration, and with intent to hinder, delay, and defraud creditors; that each of said persons and firms had, prior to the commencement of this action, duly assigned and transferred to the plaintiffs their respective claims; and that the defendants, notwithstanding a demand had been duly made in each case by the plaintiffs for the possession of the property, refused the same. The defendants, under section 483 of the Code of Civil Procedure, moved to compel the plaintiffs to separately state and number the causes of action alleged. The motion was denied, and the defendants have appealed.

The section of the Code referred to provides that, "where the complaint sets forth two or more causes of action, the statement of the facts constituting each cause of action must be separate and numbered." Each of the transactions set out in the complaint, between the firm of Colucci & Granieri and the persons or firms from whom they obtained possession, and who, it is alleged, have assigned their claims to the plaintiff, manifestly constitutes a separate cause of action, and should be separately stated, under this section of the Code. Different evidence will be required to establish each one, and the evidence which establishes one will not establish either of the others. The first cause of action alleged is necessarily confined to the property, the possession of which was obtained from the plaintiffs personally; and each claim which has been assigned manifestly constitutes another cause of action, and the defendants are entitled to have each one of these separately stated.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.